THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CLARENCE SHEDWOOD BRANCH, Petitioner, v. ROBERT POWELL, Warden, Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION** Case No. 1:23-cv-56-DAK District Judge Dale A. Kimball |

Inmate Clarence Shedwood Branch ("Petitioner"), appearing *pro se*, filed a petition for habeas corpus relief (the " Petition") under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C.S. § 2254 (2024) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Petitioner also moves the court to appoint counsel to represent him free of charge.

Respondent moved to dismiss the Petition arguing that it is a "second or successive" petition, for which this court lacks jurisdiction to consider without authorization from the Court of Appeals. Petitioner's response neglects to address the jurisdictional defect and instead reiterates his request for court appointed counsel. Having reviewed the Petition and its exhibits, the motion to dismiss and its exhibits and Petitioner's response, the court concludes that the Petition is an unauthorized second or successive petition, and that the court lacks jurisdiction to grant Petitioner relief. Respondent's motion to dismiss is therefore granted.

1

## I. BACKGROUND

On November 10, 2005, Petitioner accepted a global plea deal to resolve three cases. *Branch v. Crowther*, No. 17-4133, 708 F. Appx. 963, 964 (10th Cir. Jan. 18, 2018). Petitioner pleaded guilty to aggravated sexual assault, a first degree felony in *State v. Branch,* No. 041701913 (Utah Dist. Ct. Nov. 10, 2004), attempted rape, a second degree felony, in *State v. Branch,* No. 041701603 (Utah Dist. Ct. Sept. 20, 2004) and aggravated assault, a third degree felony, in *State v. Branch,* No. 041701527 (Utah Dist. Ct. Sept. 7, 2004). On December 22, 2005, Petitioner was sentenced to consecutive terms of fifteen years to life for the aggravated sexual assault, one to fifteen years for the attempted rape, and zero to five years for the aggravated assault. *Id*.

On January 4, 2016, Petitioner filed a petition seeking habeas corpus relief in this court. *Branch v. Crowther,* No. 2:16-cv-11-DAK, 2017 U.S. Dist. LEXIS 129905, *1 (Dist. Utah Aug. 15, 2017). The claims in that application included a claim that Petitioner's trial counsel had provided constitutionally ineffective assistance by failing to investigate and obtain the results of DNA testing, and that the prosecution had committed misconduct by failing to disclose the DNA results prior to the plea negotiations:

> In the instant case because [Petitioner's] court appointed "advocate" failed to file a MOTION FOR DISCOVERY. The Petitioner made a MOTION to obtain all discovery materials to help him prove his actual innocence claim before the court but was denied because "he didn't need this material at that time." Through the Petitioners [sic] own due diligence, even after being denied access to some of these materials several times, Petitioner was finally able to acquire a <u>partial</u> record (see Exhibit #1) which shows he is not a DNA match to the states own evidence. It also shows the state knew of this evidence before the Petitioner was induced to take a plea while under the influence of a "cocktail" of psychotropic medications which also proves some of petitioners [sic] allegations, that of

> prosecutorial misconduct and the subsequent Brady violation alleged as well as IAC.

*Branch v. Crowther*, No. 2:16-cv-11-DAK, docket. no. 2 at 8-9 (Dist. Utah, July 11, 2016). This court dismissed Petitioner's claims as untimely and denied a certificate of appealability. *Branch v. Crowther,* No. 2:16-cv-11-DAK, 2017 U.S. Dist. LEXIS 129905 at *6-7. The Court of Appeals also denied Petitioner's request for a certificate of appealability, noting both "the weakness of [Petitioner's] underlying merits claims and his lack of diligence in seeking to vindicate his federal rights." *Branch v. Crowther*, 708 Fed. Appx. at 965.

On May 9, 2023, Petitioner filed the Petition, again seeking habeas corpus relief in this court.

## II. PETITIONER'S ASSERTED GROUNDS FOR FEDERAL-HABEAS RELIEF

Petitioner asserts two grounds for relief in the Petition: (1) Counsel provided ineffective assistance by failing to investigate the DNA evidence obtained at the crime scene, and by failing to file discovery motions prior to plea negotiations (ECF No. 1-1, at 6); and (2) the Prosecution suppressed favorable DNA evidence. (*id.*) Both issues were raised in Petitioner's previous petition. *See*, *Branch v. Crowther*, No. 2:16-cv-11-DAK, docket. no. 2 at 8-9 (Dist. Utah, July 11, 2016) (alleging the DNA evidence proves "prosecutorial misconduct and the subsequent Brady violation … as well as IAC.")

## III. PETITIONER'S MOTION FOR APPOINTED COUNSEL

Petitioner has no constitutional right to appointed pro-bono counsel in a federal habeas-corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 U.S. Dist. LEXIS 21998, at *8 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* R. 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Cts. However, a district court may exercise discretion to appoint counsel for a

3

"financially eligible person" bringing a § 2254 petition when "the interests of justice so require". *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2024).

The court has reviewed the filings in this case and concludes that justice does not require appointed counsel at this time. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (weighing factors such as "merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims"). First, Petitioner has not asserted any colorable claims. *See Lewis*, 1998 U.S. Dist. LEXIS 21998, *9; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 U.S. Dist. LEXIS 21998, *9; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 U.S. Dist. LEXIS 21998, *9; *Oliver*, 961 F.2d at 1343. The court thus denies Petitioner's motion for appointed counsel.

### IV. THE COURT LACKS JURISDICTION TO CONSIDER THE PETITION

This court lacks jurisdiction to consider the merits of the Petition because Petitioner failed to obtain permission of the Court of Appeals to file a second or successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was presented in a prior application shall be dismissed." 28 U.S.C.S. §2244(b) (2024). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Dismissal of a first habeas petition as time-barred is a decision on the merits, and any later habeas petition challenging the same conviction is second or successive. *In re Rains*, 659 F.3d 1274, 1275. "When a second or

4

successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. Relevant factors to be considered when a district court determines whether a transfer would be in the interests of justice include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id*. at 1251. Because Petitioner is pro se, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the court to form arguments for him or excuse compliance with procedural rules. *Id*.

      Petitioner filed a petition for habeas relief in this court on January 4, 2016. *Branch v. Crowther*, No. 2:16-cv-11-DAK (Dist. Utah, Jan. 4, 2016)(docket). That petition asserted claims that Petitioner's counsel had provided ineffective assistance because he failed to adequately investigate the DNA evidence collected at the crime scene prior to Petitioner's guilty plea, and Prosecutorial misconduct for withholding the allegedly exculpatory DNA evidence. *Id.* (docket no. 2, at 8-9; 22-23). That petition was dismissed as untimely. Both this court and the Court of Appeals denied Petitioner a certificate of appealability. The Tenth Circuit agreed with this court that Petitioner's "§ 2254 motion [was] not deserving of further proceedings or subject to a different resolution on appeal." *Branch v. Crowther*, 708 Fed. Appx. at 965. Because Petitioner's first petition was dismissed as time-barred, any later habeas petition challenging the same conviction is second or successive. *See In re Rains*, 659 F.3d 1274, 1275.

      Petitioner filed the instant Petition on or around May 9, 2023. (ECF No. 1.) Petitioner does not dispute that he previously filed a § 2254 application challenging the same conviction.

Nor does he contend that he obtained authorization to file a second or successive application. Both claims in the Petition (ineffective assistance of counsel for failure to adequately investigate DNA evidence, and prosecutorial misconduct for withholding allegedly exculpatory DNA evidence) were raised in Petitioner's previous petition.

When a petitioner files a second or successive petition comprised of novel claims, the court may dismiss the petition for lack of jurisdiction or transfer it to the Court of Appeals if it would be in the interests of justice to do so. 28 U.S.C.S. §2244(b)(2); *In re Cline*, 531 F.3d at 1252. However, when a petitioner files a second or successive claim which has already been presented in a prior application, the claim must be dismissed. 28 U.S.C.S. §2244(b)(1).

The claims in the Petition were both presented in Petitioner's previous petition. In this proceeding, Petitioner asserts two grounds for relief in the Petition: (1) Counsel provided ineffective assistance by failing to investigate the DNA evidence obtained at the crime scene, and by failing to file discovery motions. (ECF No. 1-1, at 6); and (2) the Prosecution suppressed evidence favorable to Petitioner by failing to disclose the DNA results prior to the plea negotiations. (*id.*) Petitioner raised the same issues in his previous petition. *Branch v. Crowther*, No. 2:16-cv-11-DAK, docket no. 2 at 8-9 (Dist. Utah July 11, 2016). The previous petition was rejected as untimely. *Branch v. Crowther*, No. 2:16-cv-11-DAK, 2017 U.S. Dist. LEXIS 129905, *6 (Dist. Utah Aug. 15, 2017) (emphasis in original). Because the claims were raised and rejected in a prior application, they must be dismissed. *See* 28 U.S.C.S. § 2244(b)(1).

## V. CONCLUSION

The claims presented in the Petition were raised in a previous petition. The previous petition was dismissed as untimely. The Petition must therefore be dismissed as a second or successive petition under 28 U.S.C.S. §2244(b)(1).

**IT IS THEREFORE ORDERED** that the motion to dismiss is **GRANTED.** The Petition for habeas corpus is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 16th of May, 2024.

                BY THE COURT

                _____
                JUDGE DALE A. KIMBALL
                United States District Court